UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
GEORGE N. GEORGITSEAS                  : CHAPTER 11
    DEBTOR
                                       : CASE NO. 15-51408

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST
    MOVANT

VS.

GEORGE N. GEORGITSEAS
    DEBTOR
    RESPONDENT                         : MARCH 4, 2016


MOTION TO DISMISS WITH PREJUDICE

U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("US Bank"), a secured creditor in the above bankruptcy case with a 1st mortgage on property located at 72 Woodway Ridge Lane, New Canaan, Connecticut ("Property"), by and through its undersigned counsel, respectfully moves to dismiss this Chapter 11 case filed by George N. Georgitseas's ("Debtor"). In support of its objection, U.S. Bank respectfully alleges as follows:

1. On October 6, 2015, George N. Georgitseas ("Debtor") filed this Chapter 11 case. This is the second Chapter 11 case filed by the Debtor. The Debtor's prior Chapter 11 case was filed on August 17, 2010 and was pending for one year without a confirmed Chapter 11 plan in place. The case was dismissed with a 180 day bar on July 21, 2011.

2. In the instant case, on January 5, 2016, the Debtor filed his Disclosure Statement. US Bank is set forth in Class 1 of the Debtor's Disclosure Statement.

3. The Debtor's Disclosure Statement proposes to fund the plan through earnings of the

Debtor and/or a sale or refinance of the Debtor's Property. Pursuant to Class 1 of the Debtor's Disclosure Statement, the Debtor proposes to pay US Bank's claim interest only for two years at 2% based upon the agreed value of the property. Thereafter, the Debtor proposes to renegotiate a new mortgage or refinance the property. Said Disclosure statement was disapproved on February 9, 2016.

4. The Debtor's Monthly Operating Reports show zero income being received by the Debtor and consequently the Debtor's Disclosure Statement proposes an unfeasible Plan on its face. The Debtor fails to provide any information or evidence that his financial circumstances will change in the immediately future. In fact, the Debtor's financial situation has not changed since the first Chapter 11 case was filed back in 2010. The Debtor has essentially been in bankruptcy the better part of the last 5 ½ years without a reorganization in place. Such delays have severely prejudiced the Movant and other creditors of this estate.

5. US Bank first commenced its foreclosure action against the Debtor on June 30, 2009 with a Judgment of Strict Foreclosure entering on April 30, 2010. From the date of Judgment to the date of the date of this second Chapter 11 bankruptcy filing, the Debtor engaged in a series of dilatory pleading practice both in the underlying state court foreclosure action and the appellate court in an effort to prevent US Bank from taking title to this property. At the time Judgment was re-entered on August 31, 2015 after the Debtor's unsuccessful appeal, the court found the debt owing to US Bank to be $2,611,699.06 with a fair market value of $1,950,000.00. Since that date, US Bank's debt has continued to increase of which has and continued to cause further losses to US Bank. The contractual due date on this loan is February 1, 2009 and the Debtor has made no

payments since January 30, 2009. Since that date, US Bank has had to advance for outstanding taxes and insurance on the property which has resulted in an escrow shortage of $206,774.64 at the time of the Debtor's current bankruptcy filing.

6. Based upon the lack of income and the fact that this property has no equity in it, the Debtor's proposal to fund the plan through income or a sale or refinance of the Property is clearly unfeasible. US Bank maintains that this case was unfeasible when the case was filed and was therefore filed in bad faith. The Debtor has spent the better part of 7 years litigating with US Bank without having made any payments and the dilatory tactics continue in this current Chapter 11 case.

7. US Bank maintains that given the history, the disapproval of the Disclosure Statement, and the continued delays in this case and the Debtor's prior case, that this case should be dismissed with a two year bar.

Dated: March 4, 2016

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST
MOVANT

By:_____
LINDA J. ST. PIERRE
Hunt Leibert & Jacobson, P.C.
50 Weston Street
Hartford, Connecticut 06120
(860) 808-0606
Federal Bar Number CT 22287
ITS ATTORNEYS

## CERTIFICATION

    I hereby certify that a copy of the foregoing was served via first class, postage prepaid mail and/or via ECF e-mail this 4th day of March, 2016 to:

American Express
c/o Becket and Lee LLP
Attn: Bankruptcy Dept.
PO Box 3001
Malvern, PA 19355

Annie Voudouroglou
Attn: Bankruptcy Dept.
7 Thanopoulou Street
Athens, Greece

Bank of America
PO Box 15026
Wilmington, DE 19850
ATT: PRESIDENT

Capital One, N.A.
c/o American Infosource
PO Box 54529
Oklahoma City, OK 73154
ATT: PRESIDENT

Chase
PO Box 1093
Northridge, CA 91328
ATT: PRESIDENT

Chase
Attn: Bankruptcy Dept
PO Box 15145
Wilmington, DE 19850

Citibank
Attention: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64915

Citizens Bank
480 Jefferson Blvd
Rje 135
Warwick, RI 02886
ATT: PRESIDENT

Citizens Bank
One Citizens Drive
Riverside, RI 02915
ATT: PRESIDENT

Diners Club
Attn: Bankruptcy Dept.
PO Box 5113
Englewood, CO 80155

Green Tree Servicing
Attn: Bankruptcy Dept.
PO Box 6172
Rapid City, SD 57709

Halloran & Sage LLP
1 Goodwin Square
225 Asylum Street
Hartford, CT 06103
ATT: PRESIDENT

Mitchell Chizner
Attn: Bankruptcy Dept.
450 Seventh Avenue Ste 2701
New York, NY 10123

Resy Zagirakopoulous
Attn: Bankruptcy Dept.
7 Thanopoulou Street
Athens, Greece

Wachov/ftu
Attn: Bankruptcy
PO Box 13765
Roanoke, VA 24037

George N. Georgitseas
72 Woodway Ridge Lane
New Canaan, CT 06840
(Debtor)

Peter l. Ressler
Groob Ressler & Mulqueen
123 York Street, Ste 1B
New Haven, CT 06511-0001
(Debtor's Attorney)

Charlene Lerman
c/o Lerner & Guarino, LLC
Attn: Bankruptcy Dept.
8 Wright Street, 2nd Floor
West Port, CT 06880

Chase Card Services
Attn: Marl Pascale
Bankruptcy Dept.
201 North Walnut Street
Mail Stop DE1-1406
Wilmington, DE 1908-2920

CITIBANK
Attn: Bankruptcy Dept.
POB 790034
St. Louis, MO 64915

Internal Revenue Service
Centralized Insolvency Operations
Attn: Bankruptcy Dept.
POB 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank
Attn: Bankruptcy Dept.
POB 1093
North Ridge, CA 91328

Wachovia Bank, NA
Attn: Bankruptcy Dept.
MAC X2303-01A
1Home Campus
1st Floor
Des Moines, IA 50328-0001

Holley L. Claiborn
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

By: */s/ Linda J. St. Pierre*
   Linda J. St. Pierre, Esq.
   Hunt Leibert Jacobson, PC
   50 Weston Street
   Hartford, CT 06120
   (860) 808-0606
   Fed Bar No. CT 22287